**A.E., by and through PARENTS & NEXT FRIENDS, MR. and MRS. E., Plaintiff–Appellant,**

v.

**WESTPORT BOARD OF EDUCATION, Defendant–Appellee.**

No. 06–5920–cv.

United States Court of Appeals, Second Circuit.

Oct. 18, 2007.

Richard I. Ellenbogen, New York, NY, for Plaintiff–Appellant.

Marsha Belman Moses, Milford, CT, for Defendants–Third–Party–Plaintiffs–Appellees.

Present: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, Circuit Judges and Hon. EDWARD R. KORMAN, District Judge.[1]

---

1. The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

The plaintiff-appellant sued the Westport Board of Education (the "Board") under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), alleging that the state administrative hearing officer erred in concluding that the Board offered the plaintiff-appellant a free and appropriate education for the 2004–2005 school year. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

Under the IDEA, the states' receipt of certain federal funding is contingent upon their provision of "free appropriate public education ... to all children with disabilities residing in the State between the ages of 3 and 21." 20 U.S.C. § 1412(a)(1)(A). A free appropriate public education "must include special education and related services tailored to meet the unique needs of a particular child, and be reasonably calculated to enable the child to receive educational benefits." *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 363 (2d Cir.2006) (quotation marks omitted). A "key element" of the IDEA is the collaborative development by the parents, educators, and other specialists of an independent education plan ("IEP") for each handicapped child; this IEP should include a comprehensive statement of the educational needs of a handicapped child and the specially designed instruction and related services to be employed to meet those needs. *Id.* (quotation marks omitted). We review a district court's award of summary judgment *de novo. Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191 (2d Cir.2005).

▉ The parents raise several arguments on appeal. First, as to the plaintiff-appellant's argument that there was no IEP because the Board proposed only drafts and there was neither full discussion of the proposals nor consensus on the appropriate contents of an IEP, it is apparent from the record that there were multiple meetings between school administrators, various specialists, and the parents at which the parties attempted to draft an IEP. There is no requirement in the IDEA that the parties must reach consensus on all aspects of an IEP before it is valid. *See* 20 U.S.C. § 1414(d)(1)(A) (listing what information an IEP must include). Rather, the proper recourse for parents who disagree with the contents of their child's IEP is to request a due process hearing, as did the parents here. *See* 20 U.S.C. § 1415(f)(1)(A).

▉ Second, as to the parents' procedural challenges, the parents waived their challenges related to the request for an "independent educational evaluation" and the absence of a regular education teacher at the IEP meetings by failing to raise those challenges either prior to or during the due process hearing. *See, e.g.,* Conn. Gen.Stat. § 10–76h (providing that the parents' request for a hearing should contain "a statement of the specific issues in dispute").[2] The parents also waived their challenge related to the participation of board counsel by failing to raise that argument before the district court. *See, e.g., Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir.2006).

▉ Third, as to the parents' argument that the IEP was not "reasonably calculated to enable [their] child to receive educational benefits," *Bd. of Educ. v. Rowley,*

**2.** The plaintiff-appellant's argument that the hearing officer erroneously relied upon a repealed provision of Connecticut state law is belied by the officer's decision itself which contains no citation to that provision, but rather relies upon other provisions of Connecticut state law.

458 U.S. 176, 206–07, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), it is apparent from the record that the state hearing officer accepted the testimony of the school district experts over that of the parents' experts, and the district court, giving the appropriate "due weight" to that administrative determination, concluded that the IEP was "reasonably calculated to enable the child to receive educational benefits." *See Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir.1998). We agree.

We have considered all of the plaintiff-appellant's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**